POSTED ON WEBSITE

NOT FOR PUBLICATION

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

In re

Francisco Reyes Jacuinde,

        Debtor.

Ruben Mendes,

        Plaintiff,

v.

Francisco Reyes Jacuinde,

        Defendant.

Case No. 08-15509-B-7

Adversary Proc. No. 08-1238

**MEMORANDUM DECISION REGARDING REQUEST FOR DEFAULT JUDGEMENT ON COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT**

**This memorandum decision is not approved for publication and may not be cited except when relevant under the doctrine of law of the case or the rules of res judicata and claim preclusion.**

Steven M. Koch, Esq., appeared on behalf of plaintiff, Ruben Mendes. There was no appearance on behalf of the debtor, Francisco Reyes Jacuinde.

    Before the court is a motion (the "Motion") by the plaintiff, Ruben Mendes ("Mendes") for entry of a default judgment against defendant, Francisco Reyes Jacuinde ("Reyes") in this adversary proceeding to determine dischargeability of a debt under 11

U.S.C. § 523(a)(2)(A).[1] Reyes did not respond to the complaint and his default has been entered. Neither did Reyes respond to the Motion nor appear at the noticed hearing. After the hearing, Mendes' counsel was given an opportunity to submit additional evidence regarding the nature of Mendes' contract and claim for damages and the Motion was taken under submission.

Prior to this bankruptcy, Reyes entered into an agreement with Mendes to remodel Mendes' home in Terra Bella, California.[2] Reyes affirmatively represented himself to be a licensed contractor, when in fact he was not, and there were numerous problems with his work. Mendes prayed in the complaint for disgorgement of monies which had already been paid to Reyes, a remedy available under California Business & Professions Code § 7031(b). In this Motion, Mendes changed his theory of relief and now requests a nondischargeable judgment for compensatory damages based on the estimated cost of remediation. In the complaint, Mendes also prayed for an order invalidating a mechanic's lien which Reyes recorded against Mendes' home, however, that issue was not addressed in the Motion and is deemed abandoned. For the reasons set forth below, Mendes' Motion will be denied and the complaint will be dismissed.

This memorandum contains findings of fact and conclusions of law required by Federal Rule of Civil Procedure 52(a), made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7052. The bankruptcy court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and 11 U.S.C. § 523 and General Orders 182 and 330 of the U.S. District Court for the Eastern District of California. This is a core

---

[1] Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1330, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9036, as enacted and promulgated on or *after* October 17, 2005, the effective date of The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. 109-8, Apr. 20, 2005, 119 Stat. 23.

[2] In the complaint, Mendes alleges that Reyes contracted for the construction of Mendes' home, but the Motion and other pleadings and exhibits suggest that the work was for remodel of the home.

proceeding as defined in 28 U.S.C. §157(b)(2)(I).

**Background and Findings of Fact.**

The following facts are supported by well-pled factual allegations in the complaint and by evidence offered in support of the Motion. In June 2006, Mendes and Reyes entered into an agreement whereby Reyes would provide the labor and materials for a substantial remodel of Mendes' home (the "Remodel Project"). Mendes agreed to let Reyes do the Remodel Project in reliance upon, *inter alia*, Reyes' false representations that (1) he was a licensed general contractor; and (2) he was sufficiently experienced and competent to do the work properly. Reyes actively concealed the fact that he was not licensed and even falsified documents to suggest that he was.

In support of this Motion, Mendes submitted a copy of a one-page document, prepared by Reyes (exhibit "A"), listing the work to be done for "Ruben Mendez" (sic) along with the estimated cost of materials and labor for the Remodel Project (the "Work List"). The Work List included site work, cement work, framing and finish work, rough and finish plumbing, electrical work and carpeting.[3] The total amount which Mendes agreed to pay for the Remodel Project, as detailed on the Work List, was $154,570.

Reyes began working on the Remodel Project in October 2006.[4] When Reyes sought a progress payment, Mendes told Reyes that his bank would need a receipt with Reyes' license number. Reyes submitted a description of site work on notepaper with a printed letterhead, "Reyes Handyman," which listed his address and a purported license number (exhibit "B"). Thereafter, Reyes submitted requests for progress payments on the

---

[3]Mendes alleged in paragraph 7 of his complaint that he and Reyes entered into a "written contract" for the Remodel Project. However, the Work List had no description of the Remodel Project, it did not contain Reyes' name, was not signed, and had no terms, conditions, specifications, or construction plans attached to it.

[4]Mendes alleged in paragraph 6 of his declaration that Reyes commenced work on the Remodel Project "Shortly after November 1, 2006." However, the first invoice from Reyes (exhibit "B") is dated October 11, 2006, and the first payment order submitted to Sierra Mortgage is dated October 13, 2006.

mortgage company's forms. Altogether, Mendes paid $73,893.08 for work performed and materials supplied on the Remodel Project.[5]

Mendes did not authorize payment to Reyes for the full amount of work performed on the Remodel Project and in July 2007, Reyes filed a mechanic's lien against Mendes' home for the amount of $47,000 (the "Mechanic's Lien"). However, the record does not show that Reyes ever commenced litigation to enforce the Mechanic's Lien. Also, in July 2007, Reyes was arrested and charged by the Tulare County District Attorney for unspecified activities related to being an unlicensed contractor. Mendes discovered that Reyes was not a licensed contractor in August 2007. It is not clear from the record whether Reyes had finished the Remodel Project by that time.[6]

On September 5, 2008, Reyes filed a petition for relief under chapter 7 of the Bankruptcy Code. The bar date for objections to discharge and complaints to determine dischargeability was set as December 1, 2008.[7] In November 2008, Mendes timely filed this adversary proceeding seeking a determination that (1) Reyes committed fraud by falsely representing his status as a licensed contractor, and (2) Mendes' claim is nondischargeable pursuant to § 523(a)(2)(A). The complaint pleads one claim for relief; a claim for disgorgement of monies already paid to Reyes pursuant California Business and Professions Code § 7031(b).[8] Mendes also alleged that the Mechanic's Lien is "false

---

[5] On October 15, 2008, Mendes filed a proof of claim for disgorgement based on California Business and Professions Code § 7031(b) in the amount of $95,287.05. However, in support of this Motion, Mendes submitted a declaration under penalty of perjury stating at paragraph 11 that Reyes had been paid approximately $73,893.08 through the mortgage and escrow companies. The Motion does not address or explain this discrepancy.

[6] Mendes states in his declaration at paragraph 12, "Mr. Reyes Jacuinde did not complete the work in a satisfactory and workmanship manner."

[7] Reyes' discharge was entered on December 30, 2008, subject to the outcome of this adversary proceeding.

[8] California Business and Professions Code § 7031(b) states:
(continued...)

4

and not privileged because [Reyes] did not have a contractor's license." The complaint prays for, but did not separately plead, a claim for declaratory relief or quiet title with regard to the Mechanic's Lien. Reyes' default was entered on December 30, 2008, and this Motion was filed January 29, 2009.

In the Motion, Mendes abandons the claim for disgorgement of monies paid pursuant to California Business and Professions Code § 7031(b). Mendes now requests compensatory damages in the amount of $32,019.15, representing the "additional costs . . . to complete the work" (Mendes' declaration at paragraph 12). The Motion is supported by a declaration from Mendes and a written estimate from "William Stimpel, Remodeling Construction," dated January 26, 2009 (exhibit "C"; the "Stimple Estimate"). The Stimple Estimate itemizes various repairs and other items needed to complete the Remodel Project as contemplated by the Work List. In the Motion, Mendes prays only for a determination that the debt for compensatory damages, as set forth in the Stimple Estimate, is nondischargeable.

**Issues.**

The issues before the court are (1) whether the state law claim for disgorgement, originally pled in the complaint, is nondischargeable under § 523(a)(2)(A); (2) whether Mendes may obtain a judgment by default for compensatory damages on a totally different claim for relief than the one originally pled in the complaint; (3) whether Mendes has met his burden of proof as to the essential element of damages; and (4) whether Mendes' prayer for expungement of the Mechanic's Lien is properly before the court.

/ / /

---

(. . . continued)
[A] person who utilizes the services of an unlicensed contractor may bring an action in any court of competent jurisdiction in this state to recover all compensation paid to the unlicensed contractor for performance of any act or contract.

Case 08-01238    Filed 04/16/09    Doc 25

## Analysis and Conclusions of Law.

### A. The Law of Default Judgments.

The entry of default judgment is a two-step process and the court has an affirmative obligation to review the underlying factual allegations and supporting evidence to make sure the plaintiff can prove his *prima facie* case. Default judgments are governed by Federal Rule of Civil Procedure 55, which is made applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 7055. In order to obtain a default judgment establishing the nondischargeability of a debt, a two-step process is required: (1) entry of the party's default, and (2) entry of a default judgment. Fed.R.Civ.P. 55(a) and (b); *Brooks v. United States*, 29 F.Supp.2d 613, 618 (N.D. Cal. 1998), *aff'd mem.*, 162 F.3d 1167 (9th Cir.1998). The bankruptcy court is given broad discretion to enter a default judgment in an adversary proceeding, however, the plaintiff is not entitled to such judgment as a matter of right. *Cashco Financial Services, Inc. v. McGee (In re McGee)*, 359 B.R. 764, 771 (9th Cir. BAP 2006), citing *Kubick v. FDIC (In re Kubick)*, 171 B.R. 658, 659-60 (9th Cir. BAP 1994).

The court is merely permitted, but is not required, to draw inferences in a default judgment context. "In order to do justice, a trial court has broad discretion to require that a plaintiff *prove up* even a purported *prima facie* case by requiring the plaintiff to establish the facts necessary to determine whether a valid claim exists that would support relief against the defaulting party." *In re* McGee, 764 B.R. at 773 (emphasis original), citing *Wells Fargo Bank v. Beltran (In re Beltran)*, 182 B.R. 820, 823 (entry of default does not automatically entitle a plaintiff to a default judgment, regardless of the general effect of the entry of a default to deem well-founded allegations as admitted); *Quarré v. Saylor (In re Saylor),* 178 B.R. 209, 212 (9th Cir. BAP 1995) (trial court directed the plaintiff to submit evidence of a *prima facie* case in support of a default judgment).

/ / /

/ / /

/ / /

Case 08-01238　Filed 04/16/09　Doc 25

**B. Dischargeability of the Disgorgement Claim; The Effect of California Business and Professions Code § 7131.**

In his complaint and proof of claim, Mendes stated a claim for disgorgement of monies already paid to Reyes pursuant to California Business and Professions Code § 7031(b). (See text in footnote 8, infra.) Mendes alleged that he paid Reyes and various vendors at least $95,000 during the course of the Remodel Project. However, a disgorgement claim under the California Business and Professions Code will not support a dischargeability claim under § 523(a)(2)(A) as illustrated in the case, *Ghomeshi v. Sabban (In re Sabban)*, 384 B.R. 1 (9th Cir. BAP 2008). In *Sabban*, an unlicensed contractor and homeowner entered into a home improvement contract. The contractor represented himself to be licensed and the homeowner relied on that representation. After problems developed between the parties, the homeowner sued for breach of contract, fraud, and violation of California Business and Professions Code § 7160.[9] Eventually the trial was held on the § 7160 allegations only. The state court awarded the homeowner statutory damages of $500, plus attorneys' fees as allowed under the code section, but held that the homeowner had not been damaged under § 7160; the entire amount of $123,000 paid by the homeowner had been expended on the homeowner's project. The state court did award $123,000 to the homeowner "in the nature of disgorgement" pursuant to § 7031(b).

When the homeowner sued to determine dischargeability of the state court's award, the bankruptcy court ruled that the judgment for disgorgement was dischargeable noting that "§ 7031(b) is 'a regulatory statute about status' and 'not a tort statute about misconduct.'" *Id.* at 4. The BAP observed that the $123,000 disgorgement award did not

---

[9]California Business and Professions Code section 7160 provides: "Any person who is induced to contract for a work of improvement . . . in reliance on false or fraudulent representations or false statements *knowingly made*, may sue and recover from such contractor . . . a penalty of five hundred dollars ($500), plus reasonable attorney's fees, in addition to any damages sustained by him by reason of such statements or representations made by the contractor . . . ." (Emphasis added.)

7

stem from the contractor's fraud or misrepresentation; "The statutory disgorgement did not require a showing of fraud; section 7031 is neutral as to fraudulent intent . . . ." *Id.* at 7.

The facts of this case are similar to the pertinent facts in *Sabban*. Mendes may have a right to disgorgement under state law, but that right was based on Reyes' status as an unlicensed contractor, not on Reyes' fraud or misrepresentation. Mendes' claim for disgorgement based on California Business & Professions Code § 7031(b) is not excepted from discharge.

### C. The Motion Seeks Relief Which Was Not Pled in the Adversary Proceeding.

Federal Rule of Civil Procedure 54(c) applies to adversary proceedings pursuant to Federal Rule of Bankruptcy Procedure 7054. Rule 54(c) specifically limits the scope of a default judgment. Rule 54(c) serves to protect the rights of defendants to due process by limiting the relief granted against a defaulting defendant to the relief that the defendant was properly notified would be at issue. "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Interpreting Rule 54(c), the Ninth Circuit Bankruptcy Appellate Panel has stated:

> A court may not, without the consent of all persons affected, enter a judgment which goes beyond the claim asserted in the pleadings. "Unless all parties in interest are in court and have voluntarily litigated some issue not within the pleadings, the court can consider only the issues made by the pleadings, and the judgment may not extend beyond such issues nor beyond the scope of the relief demanded." *Sylvan Beach, Inc. v. Koch*, 140 F.2d 852, 861 (8th Cir. 1944). The relief must be based on what is alleged in the pleadings and justified by plaintiff's proof, which the opposing party has had an opportunity to challenge. "Rule 54(c) creates no right to relief premised on issues not presented to, and litigated before, the trier." *Dopp v. HTP Corp.*, 947 F.2d 506, 518 (1st Cir. 1991).

*Delaney-Morin v. Day (In re Delaney-Morin)*, 304 B.R. 365, 370-71 (9th Cir. BAP 2003).

Here, the complaint served on Reyes informed him that Mendes was seeking to except from discharge a disgorgement claim, arising under California Business and Professions Code § 7031(b), for the money paid to Reyes. As explained above, California

8

Business and Professions Code § 7031(b) will not support a claim of nondischargeability under § 523(a)(2)(A). Although Mendes alleged fraud in the complaint, a disgorgement claim under § 7031(b) is not dependent upon any showing of fraud, it is merely a function of Reyes' status as an unlicensed contractor. After entry of Reyes' default, Mendes completely changed his theory of recovery and now requests a judgment against Reyes for damages proximately caused by the alleged fraud. Mendes seeks a judgment for compensatory damages, not disgorgement. Constitutional due process requires that a defendant receive proper notice and an opportunity to defend the claims asserted against him in a court of law. Rule 54(c) was enacted to satisfy the due process requirements in a default case. Accordingly, Mendes may not "change horses" in the middle of the stream, and spring a new theory for relief on Reyes after his default has been taken.

### D. The Elements of a Claim Under § 523(a)(2)(A): Actual Fraud.

Section 523(a)(2)(A) excepts from discharge any debt for money, property, services . . . to the extent obtained by false pretenses, a false representation, or actual fraud. A creditor must establish five elements by a preponderance of the evidence in order to establish that a debt is nondischargeable under § 523(a)(2)(A):

1. Misrepresentation, fraudulent omission or deceptive conduct by the debtor;
2. Knowledge of the falsity or deceptiveness of his statement or conduct;
3. An intent to deceive;
4. Justifiable reliance by the creditor on the debtor's statement or conduct; and
5. Damage to the creditor proximately caused by its reliance on the debtor's statement or conduct.

"To be actionable, the debtor's conduct must involve moral turpitude or intentional wrong; mere negligence, poor business judgment or fraud implied in law (which may exist without imputation of bad faith or immorality) is insufficient." *In re Shallow*, 393 B.R. 277, 286 (Bankr. D. Conn. 2008) (citations omitted).

In the case, *McCain v. Fuselier (In re Fuselier)*, 211 B.R. 540 (Bankr. W.D. La.

1997), the court found a builder's debt to the homeowners was excepted from discharge. As is this case, the debtor in *Fuselier*, who had never been licensed in Louisiana, presented a bid with a fraudulent license number and accepted a project to construct a residence for the homeowner. The distinction between *Fuselier* and the case at hand, however, is that in *Fuselier* the debtor obtained funds from the homeowner by falsely representing that money was needed for material, but he actually used the money for unrelated purposes. In addition, the debtor's failure to pay subcontractors resulted in construction liens being filed against the house which had to be satisfied by the homeowners.

Here, there was no evidence that the funds paid to Reyes were used for any improper purpose. Indeed, Mendes submitted numerous receipts showing payment for materials used on the Remodel Project. Likewise, Mendes stated that he was present and saw Reyes working on the job daily. No evidence was presented that Reyes left vendors or subcontractors unpaid so as to cause a liability to Mendes.

### E. Mendes Has Not Suffered Any Damages as a Result of Reyes' Misrepresentation.

Based on the record, the court is persuaded that: (1) Reyes falsely represented that he possessed a valid California contractor's license; (2) Reyes knew that this representation was false since he deliberately fabricated documents to suggest that he was a licensed contractor; (3) Reyes intended to induce Mendes into hiring him for the Remodel Project; and (4) Mendes justifiably relied upon that representation. The problem here arises with Mendes' efforts to prove the fifth element of his claim, that he suffered *damages as a consequence of that reliance.* In order to except his claim from discharge, Mendes had to present evidence to show that he was actually damaged by his reliance on Reyes' false statements.

Damages are an essential element of a § 523 claim for relief. In the case, *In re Sabban*, 384 B.R. at 7, n.8, that court explained that actual injury is prerequisite to a determination that a debt is excepted from the debtor's discharge.

> Courts have excepted debts from discharge where the debtor has misrepresented the status of his or her professional license, *but only to the extent the creditors were actually injured because of the misrepresentations.* See *Sinha v. Clark (In re Clark)*, 330 B.R. 702 (Bankr.C.D.Ill. 2005) (applying section 523(a)(2)(A) to except from discharge amounts paid by homeowners to correct construction defects caused by contractor who had misrepresented his licensing status, but granting discharge to other portions of state court judgment against debtor/contractor); *McCain v. Fuselier (In re Fuselier)*, 211 B.R. 540 (Bankr.W.D.La. 1997) (finding that creditors suffered damages from debtor's substandard work in constructing home and that creditors would not have hired debtor but for his misrepresentations as to his licensing status and expertise, court excepted damages from discharge under section 523(a)(2)(A)); *McDaniel v. Border (In re McDaniel)*, 181 B.R. 883 (Bankr.S.D.Tex.1994) (excepting from discharge damages arising from defects in architectural work where architect had misrepresented the status of his license).

*Id.* (emphasis added).

Here, Mendes agreed with Reyes, as documented by the Work List, to pay $154,570 for the Remodel Project. Mendes' declaration states that he actually paid to Reyes, and to various vendors, the sum of $73,893.08. In support of the Motion, Mendes has shown that he will incur an additional expense of $32,019 to repair and complete the Remodel Project as outlined in Stimple Estimate. Thus, the total cost of the Remodel Project, after remediation by William Stimpel, will be approximately $105,909. This is approximately *$48,661 less than the $154,570 that Mendes originally agreed to pay*.

Mendes alleges that he was fraudulently induced to enter into a contract. But reliance on false representations alone does not result in damages. Mendes' alleged damages flow from Reyes' breach and negligent performance of the contract which Mendes bargained for, not from the fraudulent inducement. Contract damages are in the nature of compensation. Pursuant to California Civil Code § 3300, "[f]or the breach of an obligation arising from contract, the measure of damages . . . is the amount which will compensate the party aggrieved for all the detriment proximately caused thereby, or which, in the ordinary course of things, would be likely to result therefrom." Here, Mendes has not shown any "detriment proximately caused" by Reyes' fraud.

Mendes has already been made whole through "self-help": Mendes did not pay

Reyes for at least $47,000 of the work performed on the Remodel Project as evidenced by Mendes' reference to the Mechanic's Lien. Under California law, Reyes has no right to bring an action to force Mendes to pay any more money for the work that was done.[10] Mendes offers no evidence to show that Reyes fraudulently represented what the Remodel Project should cost. Mendes offers no evidence to show that the value of his house was diminished beyond the cost of remediation. When William Stimple repairs and completes the Remodel Project, Mendes will have the full "benefit of his bargain." Yet Reyes will have saved a substantial amount of money. Accordingly, Mendes has not proven each of the § 523(a)(2)(A) elements of fraud – he has not proven damages.

### F. Mendes' Prayer for Declaratory Relief Regarding Mechanic's Lien.

In the complaint, Mendes also prays for a determination that the mechanic's lien, filed by Reyes in July 2007, is "invalid and should be expunged." This issue, declaratory relief, was not separately pled as a claim for relief in the adversary proceeding and was not addressed in the Motion. It is therefore deemed abandoned. Since such liens expire by law, his issue was also rendered moot by the passage of time.[11]

### Conclusion.

Based on the foregoing, this court cannot enter a judgment by default based on a theory, compensatory damages, which was not pled in the complaint. While clearly there

---

[10]California Business and Professions Code § 7031(a) states in pertinent part:

> [N]o person engaged in the business or acting in the capacity of a contractor, may bring or maintain any action, or recover in law or equity in any action, in any court of this state for the collection of compensation for the performance of any act or contract where a license is required by this chapter without alleging that he or she was a duly licensed contractor at all times during the performance of that act or contract . . . .

[11]The statute of limitations on an action to foreclose a mechanic's lien is 90 days after recording the claim of lien, or, under certain circumstances, one year. Failure to bring an action within that time renders the lien automatically null and void and of no further force and effect. The failure to institute a foreclosure proceeding within the statutory time serves to unbind the property even as to recorded lien claims. Cal.Civ.Code § 3144.

12

were problems with Reyes' competence and integrity, the court is persuaded that Mendes was not damaged by either. In the absence of actual damages, Mendes does not have a nondischargeable claim against Reyes within the limitations of § 523(a)(2)(A). Accordingly, the Motion will be denied and the complaint will be dismissed.

Dated: April 16, 2009.

W. Richard Lee
United States Bankruptcy Judge